IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 6:16-cr-00428-AA-1 |
| v. | **OPINION & ORDER** |
| ERIC NATHANIEL AGEE, | |
| Defendant. | |

AIKEN, District Judge.

This case comes before the Court on Defendant Eric Nathaniel Agee's Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A). ECF No. 148. For the reasons set forth below, the Motion is DENIED.

## BACKGROUND

In August 2017, Defendant pleaded guilty to possession with intent to distribute 50 grams or more of a mixture containing methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) and use of a firearm in furtherance of a drug trafficking crime in violation 18 U.S.C. § 924(c). ECF No. 40. In February 2018, Defendant was sentenced to 180 months based on the parties' joint recommendation. ECF No. 58. Following a motion under 28 U.S.C. § 2255, Defendant was resentenced to 120 months with four years of supervised release. ECF No. 130.

Defendant filed his first motion for compassionate release on December 23, 2020. ECF No. 132. In that motion, Defendant argued that "the COVID-19 outbreak at FCI Mendota, coupled

with his medical conditions and desire to provide support for his grandmother and other family and to complete his GED, present extraordinary and compelling reasons for his release." Opinion and Order ("O&O"), at 4. ECF No. 144. The Court concluded that Defendant has failed to show extraordinary and compelling reasons justifying a reduction in his sentence and further concluded that the § 3553(a) factors did not justify such a reduction. O&O, at 5-7.

## DISCUSSION

Defendant's renewed motion for compassionate release, ECF No. 148, seeks a reduction in Defendant's sentence pursuant to the First Step Act. Generally, a federal court may not modify a term of imprisonment once it has been imposed. 18 U.S.C. § 3582(c). But this rule is subject to several exceptions, "one of which provides courts the discretion to grant a prisoner compassionate release when certain conditions are met." *United States v. Keller*, 2 F.4th 1278, 1281 (9th Cir. 2021). In addition to the exhaustion of administrative remedies, a court must be satisfied that (1) "extraordinary and compelling reasons warrant such a reduction," and must (2) consider the "factors set forth in section 3553(a) to the extent that they are applicable." *Id.* at 1283-84. Although courts must consider each step when granting a motion for compassionate release, "a district court that properly *denies* compassionate release need not evaluate each step." *Id.* at 1284 (emphasis in original).

In support of his renewed motion, Defendant once again points to his health issues and the risk of COVID-19. In Defendant's prior motion, these issues were not sufficient to constitute extraordinary and compelling circumstances and the Court finds no cause to reach a contrary conclusion in resolving the present motion. The Court further notes that Defendant has received a vaccination for COVID-19. Gov. Ex 1, at 71. The Court concludes that Defendant's situation does not satisfy the requirement that there be extraordinary and compelling reasons warranting a

reduction in Defendant's sentence. Accordingly, the Court need not examine the § 3553(a) factors and Defendant's Motion is DENIED.

It is so ORDERED and DATED this __6th__ day of September 2022

                                           /s/Ann Aiken
                                          ANN AIKEN
                                          United States District Judge